J. R. SHEPHERD v. STATE OF ARKANSAS

5-5392 439 S.W. 2d 627

Substituted Opinion on Rehearing Delivered
April 21, 1969
[Original opinion delivered February 17, 1969, p. 159.]

*Harry Robinson* and *Harold Hall* for appellant.

*Joe Purcell,* Atty. Gen.; *Don Langston,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. In its petition for rehearing the state admits that the evidence in this case

was insufficient to support a conviction. The basis of this confession is the fact that under the evidence, appellant was not shown to have operated as a broker-dealer in violation of Ark. Stat. Ann. § 67-1237. There is no evidence that appellant acted or purported to act as a broker-dealer in this isolated transaction. A broker-dealer is one engaged in the business of effecting transactions in securities, according to the definition in Ark. Stat. Ann. § 67-1247.

For the same reason appellant could not be guilty of the sale of an unregistered security in violation of Ark. Stat. Ann. § 67-1241. Regardless of whether the sale of an interest in an oil and gas lease by the owner constitutes a security in the sense of that section and the definition given in § 67-1247(1), this sale is exempted from the operation of the act by § 67-1248(b)(1), as an isolated non-issuer transaction. With respect to certificates of interest or participation in oil, gas, or mining titles or leases, or in payments out of production out of such titles or leases, there is not considered to be any issuer. Section 67-1247(g).

Thus regardless of whether an oil and gas lease is a security under the Arkansas Securities Act, the conviction in this case must be reversed and the charge dismissed.

The opinion delivered February 17, 1969, in this case is withdrawn and this opinion substituted. The judgment is reversed and the cause dismissed.